UNITED STATES of America for the
Use of KANE OF NEW ENGLAND,
INC., Plaintiff,

v.

DIAMOND CONSTRUCTION, INC. and
Aetna Casualty and Surety
Company, Defendants.

Civ. A. No. 82–3331–C.

United States District Court,
D. Massachusetts.

April 18, 1984.

Michael H. Cohen, Rudolph, Andrews & Kroner, Georgetown, Mass., for plaintiff.

John W. Fieldsteel, Withington, Cross, Park & Groden, Boston, Mass., for Aetna Cas. and Sur. Co.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought under the Miller Act, 40 U.S.C. § 270a *et seq.* by Kane of New England, Inc. (Kane) against Diamond Construction, Inc. (Diamond) and Aetna Casualty and Surety Company (Aetna).

This Court filed a memorandum on March 5, 1984 setting out its ruling on Aetna's motion to dismiss based on the statute of limitations. Aetna was surety on the performance and payment bond issued by it to Diamond, the general contractor on a job at Pease Air Force Base at Newington, New Hampshire.

In the March 5, 1984 memorandum this Court noted that Kane claimed Aetna was estopped from raising the defense of the statute of limitations. I also ruled that there were issues of fact between the parties as to what representations Aetna made to Kane and as to whether Kane in fact relied on them to its detriment.

A hearing to resolve these factual issues was begun on March 27 and concluded on April 18, 1984. Kane called as witnesses Robert Prescott, a representative of Pease Air Force Base; Brian L. Hassig, President of Kane; and Robert A. Hotchkiss, a senior claims representative of Aetna.

After hearing I find that plaintiff has failed to prove that any representation was made by, or on behalf of, Aetna to the effect that Aetna would pay Kane. Plaintiff did not prove that Aetna made any request to Kane to withhold the filing of a lawsuit nor did plaintiff prove that Aetna did anything to cause plaintiff not to file suit timely. On the contrary, I find that the only representations made to plaintiff by Aetna were that 1) Aetna would not pay Kane because Aetna's principal asserted to Aetna that Kane's work was defective and incomplete, and 2) that Aetna would not pay Kane because Aetna had been told by Diamond that Diamond "would resolve that matter" (Kane's claim) itself.

I find that there is no factual basis for any reasonable reliance by Kane on any-

thing said or done by Aetna or its representatives and I rule there is no basis for applying herein the doctrine of equitable estoppel.

I, accordingly, rule that Count I of the complaint is barred by the one year statute of limitations and should be dismissed.

Order accordingly.