**UNITED STATES of America, for the Use of Gary L. WITT, d/b/a GLW Enterprises, Plaintiff,**

**v.**

**JP, INC., an Alaska corporation; Jon Peterson—Surety; G.A. Peterson—Surety; and E.H. Peterson—Surety, Defendants.**

**No. A86–392 CIV.**

United States District Court, D. Alaska.

March 19, 1987.

James M. Morgan, Beaty, Robbins & Morgan, P.C., Anchorage, Alaska, for plaintiff.

Frank A. Pfiffner, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for defendants.

KLEINFELD, District Judge.

Plaintiff Gary Witt has brought suit under the Miller Act, 40 U.S.C.S. § 270a, for

payment on his sub-contract with J.P., Inc. Witt furnished labor and materials for construction of a rifle range at a military base. Sureties G.A. Peterson and E.H. Peterson have moved for summary judgment, on the ground that the complaint is barred by the statute of limitations.

The Miller Act provides, "No such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C.S. § 270b(b).

Suit was filed after expiration of the one year period. The plaintiff has alleged in his complaint that the statute of limitations was tolled "by virtue of the assurances and other acts of the defendant contractor" which led the plaintiff to believe that payment would be forthcoming. The sureties, parents of J.P., Inc.'s principal, Jon Peterson, have both sworn in their affidavits that at no time did they ever converse or correspond with the creditor nor did they represent in any way to the creditor that they would pay the claim or extend the one-year limitations period. No genuine issue has been raised as to those assertions of fact.

■ The creditor alleges that in February of 1985 "the defendant paid me $20,-000.00 and assured me that I would get the balance due on my account from funds yet to paid to the defendant JP, Inc. for extra work performed under the prime contract". The creditor would have the court read that as an agreement for extension of time. This was not an extension agreement, because nowhere in his affidavit does the creditor allege that he agreed to any extension of time. The allegation is that the principal debtor said that he would pay, not that the creditor offered or agreed to an extension of time. There is no evidence that the creditor agreed to anything, only that he received assurances from the debtor.

Counsel and the court have found surprisingly few decisions under the Miller Act relating to application of the statute of limitations where it may be tolled by conduct of a principal. It is appropriate to apply the principle of law in § 120 of the Restatement on Security that "partial payments or new promises made to the creditor by either surety or principal do not toll the running of the statute in favor of the other against the creditor". Illustration 1 under § 120 is an example of a principal who defaults and later makes a new promise to pay the debt. Even though there would have been a tolling of the statute of limitations as against the principal, action against the surety is barred by the statute of limitations, according to the Restatement. This illustration would appear to be on all fours with the facts in this case.

■ The creditor argues that the statute of limitations ought not to be applied unless the surety can show prejudice. The law on application of statutes of limitations does not require any showing of prejudice. Although there may be an estoppel to assert the statute of limitations under the Miller Act as set forth in *United States ex rel E.E. Black, Ltd. v. Price McNemar Construction Co.*, 320 F.2d 663 (1963), the estoppel does not operate against the surety where the conduct giving rise to it was conduct only of the principal. See *United States of America for the use and benefit of Kane of New England v. Diamond Construction, Inc.*, 582 F.Supp. 886, 886–87 (D.Mass.1984).

This principle of the Restatement is not a mere technicality. It makes considerable sense. For example, in the facts of this case had the creditor gone to the parents and said "Your son has promised me that his company will pay as soon as it gets the payment from the military," then the parents would have been in a position to ask their son or the military for an assignment, so that the payment would be channeled through them or channeled directly to the creditor rather than to the son's company. Had the creditor forced the parents to pay by filing the Miller Act claim in a timely fashion, then the parents might have been in a position in their capacity as sureties to cause the military, when it paid, to pay them rather than JP, Inc.

Although plaintiff argued a theory of concealment, that theory is inappropriate, since the creditor knew full well that he

was not getting paid, and nothing material was concealed.

Accordingly, the motion for summary judgment of defendants G.A. Peterson and E.H. Peterson is granted.

IT IS ORDERED that plaintiff's claims are dismissed with prejudice as to defendants G.A. Peterson and E.H. Peterson.